UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 16-** |
| | : | |
| v. | : | **VIOLATIONS:** |
| | : | |
| | : | **18 U.S.C. § 1343** |
| **JILL ANN MURRAY** | : | **(Wire Fraud)** |
| | : | |
| **Defendant.** | : | **FORFEITURE:** |
| | : | **18 U.S.C. § 981(a)(1)(C);** |
| | : | **28 U.S.C. § 2461(c); and** |
| | : | **21 U.S.C. § 853(p)** |
| | : | |

## INFORMATION

The United States Attorney informs the court that:

### Introduction

1. Defendant JILL ANN MURRAY, a resident of North Charleston, SC, was the bookkeeper for Company 1, a Washington, D.C., based architectural firm specializing in residential, institutional, commercial, and government design.

2. In her capacity as the Office Manager of the firm, MURRAY was authorized to make supply purchases for Company 1's business operations and her primary role was to maintain bookkeeping records for all expenses that were paid out to the vendors. MURRAY was also authorized to pay Company 1's credit card bills. In 2005, Murray was employed by Company 1, and worked there until her abrupt resignation at the end of March 2014. Additionally, MURRAY was also authorized to use Company 1's Citi credit card for legitimate business purchases. Finally, MURRAY was authorized to deposit checks received from Company 1's clients to pay for architectural services rendered by the firm.

1

## The Conduct

3. From on or about January 1, 2007 through on or about March 31, 2014, MURRAY, using the company's credit cards, purchased "gift cards" in her own name from Staples in the amount of $83,511.33 and from Office Depot in the amount of $83,469.66. In total, these purchases amount to $166,980.99. MURRAY hid these purchases by falsifying Company 1's income records.

4. Between in and around December 2005, and in and around March 2014, MURRAY made approximately $112,630.56 in unauthorized personal purchases of items from retailers including Amazon, Best Buy, Staples, Bed Bath and Beyond, Target, Whole Foods, Office Depot, Crate & Barrel, and the District of Columbia Parking Enforcement Agency MURRAY often concealed these purchases by writing out checks to the company that issued the card for one of Company 1's principals to sign, acting as if they were for legitimate office expenses. However, MURRAY never showed Company 1's principals the actual receipts or monthly statements to support the payments.

## COUNT ONE
### (Wire Fraud)

5. Paragraphs one through four are re-alleged and incorporated by reference as if fully set forth herein.

6. From on or about January 2007, through on or about February 2014, the exact dates being known and unknown, in the District of Columbia and elsewhere, the defendant, Jill Ann MURRAY, did, knowingly and willfully devise a scheme to defraud Company 1, and to obtain money or property of Company 1 by materially false and fraudulent pretenses, representations, and promises. On November 2, 2012, in the District of Columbia and elsewhere, for the purpose of executing the aforementioned scheme and artifice and attempting to do so, the Defendant

transmitted in interstate commerce a fraudulent credit card payment using a Company 1 credit card to purchase $1,400.00 worth of Norsdtrom gift cards for personal use, causing a wire transmission to be sent from Washington, D.C., to Massachusetts.

**(Wire Fraud, in violation of Title 18, United States Code, Section 1343)**

## FORFEITURE ALLEGATION

1. Upon conviction of the offense alleged in Count One, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to this offense, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). The United States will also seek a forfeiture money judgment against the defendant in the amount of $279,611.55.

2. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the

value of the property described above, pursuant to 21 U.S.C. § 853(p).

(**Criminal Forfeiture,** pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United Sates Code, Section 2461(c), and Title 21, United States Code, Section 853(p))

By:

CHANNING PHILLIPS
UNITED STATES ATTORNEY

MERVIN A. BOURNE, JR.
D.C. Bar No. 490175
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-6979 (telephone)
Mervin.Bourne@usdoj.gov (email)